UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

                              Case No. 11-12612

           Plaintiff,               District Judge Mark A. Goldsmith

v.                               Magistrate Judge R. Steven Whalen

DENNIS BURNS, ET AL.,

           Defendants.

_____/

## REPORT AND RECOMMENDATION

On June 6, 2011, Plaintiff Metropolitan Life Insurance Company ("Met Life") filed a Complaint in Interpleader regarding conflicting claims among potential beneficiaries against $13,324.00 in life insurance benefits. On October 14, 2011, the Court entered an order directing Met Life to distribute $3,981.38 to Express Funeral Funding, LLC, and $6,449.70 to James H. Cole Home for Funerals, Inc., for funeral expenses, and to deposit $2,892.92, the balance of the life insurance benefits, into the Registry of the Court, in an interest bearing account. The Court ordered that Met Life be discharged from liability upon depositing the funds as directed.

Before the Court is Defendant Debra Burns' Motion for Summary Judgment [Doc. #21], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1(B). For the reasons discussed below, I recommend that the motion be GRANTED.

## I.   FACTS

Ottie Burns, the decedent, was a retired employee of General Motors Corporation, and participated in an ERISA-regulated benefit plan that included a group life insurance

policy issued by Met Life. Mr. Burns died on October 1, 2010.

Mr. Burns submitted a beneficiary form, on file with Met Life, dated November 16, 2005, and naming himself as the sole beneficiary of the life insurance benefits. *Exhibit B, Defendant's Motion*. He later sent Met Life a change of beneficiary form dated December 6, 2006, designating Defendant Debra Bryant (Burns) as his beneficiary. The form is dated, signed by Mr. Burns, and notarized. *Exhibit C*. However, Defendant states that Met Life received and rejected this form because Section "D" was not filled out. Section "D" contains a check-list for various employee benefit plans, including life insurance, and states, "Unless you check the Box 1 indicating that the beneficiaries designated on this form apply to all plans listed, you will need to complete a separate beneficiary designation form for the other listed plans." Neither Box 1 nor any other box in Section "D" was checked.[1]

Met Life's Summary Plan Description has been submitted as Defendant's Exhibit A, and provides as follows:

**1. Your Beneficiary**

The "Beneficiary" is the person or persons YOU choose to receive any benefit payable because of YOUR death.

YOU make YOUR choice in writing on a form approved by us. This form mus be filed with the records for THIS PLAN.

YOU may change the Beneficiary at any time by filing a new form with us. YOU do not need the consent of the Beneficiary to make a change. When we receive a form changing the Beneficiary, the change will take effect as of the date YOU signed it. The change of Beneficiary will take effect even if YOU are not alive when it is received, provided such change of beneficiary is received prior to the payment of benefits. Any beneficiary designation made for Basic Life Benefits will also apply to Accidental Death or Dismemberment Benefits.

---

[1] There is no evidence before the Court that Mr. Burns participated in any plan other than life insurance.

Mr. Burns' children have claimed entitlement to the life insurance proceeds, and these claims were filed with Met Life by Adrainne Liberty, Linda C. Marshall, Donald M. Burns, Tyrone Kennith Burns, Desmond Burns, and Dennis L. Burns. Their claims included the allegation that the marriage between the decedent and Debra Bryant Burns was invalid. All were served with Defendant Burns' Motion for Summary Judgment on September 6, 2011 [Doc. #s 25-31], but none has filed a response.

Defendant Burns asks that the remaining life insurance proceeds–$2,892.92 plus any accrued interest–be paid to her attorney, Baldwin Legal Services PLLC, for fees and costs pursuant to a written contract for legal services. *See Defendant's Exhibit O*.

## II.   DISCUSSION

Because the life insurance policy at issue is part of an employee welfare benefit plan, this case falls within the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et. seq.* ERISA requires a plan administrator to administer the plan "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D).

Burns maintains that the decedent made her the beneficiary of the life insurance policy by virtue of the December 6, 2006 change of beneficiary form that he signed and sent to Met Life. The question is whether the decedent's failure to check a box in section "D" of the form invalidates his change of beneficiary. I find that the omission, which was likely inadvertent, did not violate the explicit terms of the Plan (Exhibit A), and that the December 6th form was a valid and enforceable change of beneficiary. The Plan provides that a participant may "change the Beneficiary at any time by filing a new form with us." Mr. Burns in fact filed a new form, signed and notarized. The Plan further provides that "[w]hen [Met Life] *receive[s]* a form changing the Beneficiary, the change will take

-3-

effect as of the date [the participant] signed it." (Emphasis added). There is no dispute that Met Life *received* the decedent's change of beneficiary form. Thus, the decedent complied with the literal terms of the plan, and Debra Bryant Burns became the beneficiary when Met Life received the form so designating her.

Moreover, even if the failure to complete section "D" is considered technical error, Mr. Burns substantially complied with the Plan requirements, and his intent to make Debra Bryant Burns the beneficiary is clear. I recognize that the law within this Circuit is less than clear as to whether and when a "substantial compliance" standard applies to ERISA cases. In an unpublished decision in *Unicare Life & Health Ins. Co. v. Craig*, 157 Fed.Appx. 787, 791-792, 2005 WL 2323160, *3 (6ᵗʰ Cir. 2005), the Sixth Circuit found that ERISA, not federal common law applied, and rejected the application of a substantial compliance standard, relying on *McMillan v. Parrott*, 913 F.3d 310 (6ᵗʰ Cir. 1990). In *McMillan*, the beneficiary form on file named the decedent's former wife as the beneficiary. He died 24 hours after his marriage to his second wife. However, he never filed *any* change of beneficiary form with the plan administrator. The Court held that notwithstanding a divorce settlement that purported to extinguish the former wife's interest in the decedent's property, it would not look beyond the language of the ERISA-based plan, which stated that the beneficiary designation on file would control.

But in *Life Insurance Co. of North America v. Leeson*,  81 Fed.Appx. 521, 523-524, 2003 WL 22682432, 2 (6ᵗʰ Cir. 2003), which post-dates *McMillan*, the Sixth Circuit assumed (and the parties agreed) that a substantial compliance standard applies. In *Aetna Life Ins. Co. v. Weatherford*, 1991 WL 11611, 4 (6ᵗʰ Cir. 1991), the Court approved the

application of federal common law, which provides a substantial compliance standard.[2]

And in *Kmatz v. Metropolitan Life Ins. Co.*, 232 Fed.Appx. 451, 456, 2007 WL 1310146,

*4 (6th Cir. 2007), which post-dates both *McMillan* and *Craig*, the Sixth Circuit declined

to rule one way or the other whether a substantial compliance standard applies (because

the plaintiff "fell far short of satisfying it" in any event), but noted the lack of clarity on

the doctrine in this Circuit:

> "[W]hile other circuits have embraced the substantial-compliance doctrine,
> in some instances as a matter of state law and in some instances as a matter
> of federal common law, *see, e.g., BankAmerica Pension Plan v. McMath,*
> 206 F.3d 821, 827 (9th Cir.2000); *Aetna Life Ins. Co. v. Wise,* 184 F.3d 660,
> 663 (7th Cir.1999); *Phoenix Mut. Life Ins. Co. v. Adams,* 30 F.3d 554, 565
> (4th Cir.1994), our take on the doctrine is less clear. *See, e.g., Pressley,* 82
> F.3d at 130 n. 2 (concluding that plan documents controlled and therefore
> declining to determine whether decedent sought 'substantially to
> redesignate [his] beneficiary'); *Life Ins. Co. of N. Amer. v. Leeson,* 81
> Fed.Appx. 521, 523-24 (6th Cir.2003) (engaging in substantial compliance
> discussion but noting that there was not substantial compliance when the
> decedent filled out change-of-beneficiary form but forgot to send it in);
> *Aetna Life Ins. Co. v. Weatherford,* No. 90-55 85, 1991 WL 11611, at * 1,
> *6 (6th Cir. Feb.5, 1991) (undertaking substantial compliance analysis but
> noting that there was no substantial compliance when the decedent
> 'partially completed' a change-in-beneficiary form by checking a box
> labeled "Change in Beneficiary Designation," but did not designate a
> beneficiary, obtain a witness's signature or mail in the form). *But see
> Tinsley v. Gen. Motors Corp.,* 227 F.3d 700, 704 n. 1 (6th Cir.2000)
> (rejecting 29 U.S.C. § 1104(a)(1)(D) analysis in favor of federal common
> law analysis because 'the validity of a plan document itself [was] in
> question')."

Again, I find that in designating Debra Bryant Burns as the beneficiary, the

decedent complied literally with the terms of the Plan. In the alternative, however, I find

that in this case, a substantial compliance standard should be applied. This is the majority

view in ERISA cases, and that standard has been applied in a number of Sixth Circuit

---

[2] Michigan law is clear on the subject. "It is well settled in Michigan that
substantial compliance with change-of-beneficiary requirements is sufficient to effect a
substitution." *Aetna Life Ins Co v. Brooks,* 96 Mich.App 310, 315; 292 NW2d 532 (1980)

cases, albeit unpublished ones. Moreover, this is not like the situation in *McMillan*, where the decedent did not submit *any* change of beneficiary form, and the court would have been left to divine the decedent's intent from extrinsic documents such as a divorce settlement. Here, Mr. Burns' intent is clear from the signed, notarized document he submitted to and which was received by Met Life, specifically naming Debra Bryant (Burns) as his beneficiary. He may have neglected to check whether he was changing beneficiaries as to all the listed benefit plans or just the life insurance plan, but there is no evidence that as a General Motors retiree, he participated in any plan other than life insurance. There are no other funds at issue in this lawsuit. Nor is this a situation like that in *Weatherford*, where the court undertook a  substantial compliance analysis, but rejected the claim because the although the decedent partially filled out a form, he did not designate a beneficiary, obtain a witness's signature or mail in the form. Mr. Burns' intent is clear, and he did "all that he reasonably could do to meet the conditions of the policy." *Magruder v. Northwestern Mutual Life Ins.,* 512 F.2d 507, 509 (6th Cir.1975).

Finally, in their correspondence to Met Life, the other Defendants challenged the validity of Mr. Burns' marriage to Debra Bryant Burns. First, the validity of the marriage is irrelevant if Mr. Burns either literally or substantially complied with the Plan's provisions for changing beneficiaries. Moreover, Ms. Burns has provided a copy of a Certificate of Marriage filed with the Wayne County Clerk on April 18, 2006, certifying the marriage between Ottie v. Burns and Debra Bryant. *Defendant's Exhibit L.* None of the other Defendants have filed any opposing affidavits or other documents, and indeed, have not responded to the present motion.  To the extent that the issue is relevant, summary judgment should therefore be granted yo Ms. Burns on the question of whether

-6-

she was married to the decedent at the time of his death.[3]

Defendant's Exhibit O is a retainer agreement between Ms. Burns and her attorneys, Baldwin Legal Services, providing for an attorney's lien against any recovery in this case. While Defendant's counsel requests that the remaining funds ($2,892.92) be released "to Baldwin Legal Services PLLC...for attorney fees and court costs...," it is not clear from the pleadings how much Defendant actually owes her attorneys. Therefore, the funds should be released by check payable jointly to Debra Bryant Burns and Baldwin Legal Services PLLC.

### III.    CONCLUSION

For these reasons, I recommend that Defendant's Motion for Summary Judgment [Doc. #21] be GRANTED, and that the remaining funds in the Court's Registry Account be released jointly to Defendant Debra Bryant Burns and Baldwin Legal Services PLLC.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

---

[3] Section 4 of the Summary Plan Description (Exhibit A to Defendant's motion) provides that if no beneficiary is designated, Met Life has the discretion to pay the life insurance benefits to the surviving spouse, who has priority over children and parents of the decedent. Thus, if Mr. Burns' 2005 designation of himself as beneficiary controls, Met Life had the authority to pay all of the life insurance proceeds to Debra Bryant Burns.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 23, 2012

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 23, 2012.

s/Johnetta M. Curry-Williams
Case Manager

-8-